JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBANIK SEN et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al., <br><br> Defendants. | Case No. 2:25-cv-07528-SB-E <br><br> ORDER OF DISMISSAL WITHOUT PREJUDICE |

    Plaintiffs Debanik Sen, Prakhyat Udaykumar Chouta, Abhishek Subba Rao, Rashmi Singhdeo, and Sunil Paul Mathew filed I-526E petitions and I-485 applications for adjustment of status between March and November 2023.  Not having a decision, they filed this mandamus action seeking to compel Defendants to adjudicate their applications.  Dkt. No. 1.  On November 10, 2025, the parties filed a joint stipulation to stay the case until January 30, 2026, because USCIS has issued requests for evidence and will be able to take the next adjudicative steps on Plaintiffs' applications within 60 days of receiving responses to those requests.

    The parties request this stay in the interest of judicial economy, representing that further judicial proceedings will be necessary only if adjudication is not completed or the case is not voluntarily dismissed.  In the Court's experience with numerous similar requests in recent mandamus actions challenging similar delays, progress in adjudicating plaintiffs' applications after the action is filed generally leads to the resolution of the parties' dispute without the need for further intervention by the Court.  However, staying cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file status reports.  It also increases the burden on the parties to file status reports or seek dismissal of the stayed case upon resolution of the matter.

It appears that the more efficient approach is to dismiss this action without prejudice to any party moving to reopen nunc pro tunc in the event that further Court intervention becomes necessary. The Court perceives no practical difference between this approach and the relief stipulated by the parties, apart from eliminating the need for future monitoring or action if the parties honor their agreement, as the Court expects them to. To further conserve judicial and party resources, the Court intends to adopt this approach unless any party objects.

Accordingly, it is ORDERED that this action is DISMISSED without prejudice to any party seeking to vacate this order and reopen the action nunc pro tunc in the event that Plaintiffs are unable to receive determinations in the time contemplated by the parties.

Any party who objects to the dismissal of this action as ordered herein shall file a request to reopen the case no later than seven days after entry of this order. The parties will then be required to appear before this Court at a status conference that will be set within fourteen days of filing the objection to discuss the most efficient way to proceed. Failure to timely file a request to reopen the case will be deemed consent to dismissal as ordered.

Date: November 12, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge